# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRAVELODGE MOTEL PASADENA, MS. DINH aka JANE DOE, and MR. CHAN aka MR. CHIN aka JOHN DOE,<br><br>　　　　　　　　　Defendants. | Case No.: 25cv2582-TWR (MMP)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

　　　Plaintiff, Jerome L. Grimes, a detainee at Larry D. Smith Correctional Facility in Riverside County, filed a pro se Complaint against Travelodge Motel based on various incidents allegedly occurring in Defendant's motel room ("Compl.," ECF No. 1) along with a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2.) For the reasons below, the Court denies Plaintiff's IFP motion and dismisses the civil action.

/ / /

/ / /

## LEGAL STANDARD

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture

is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

## DISCUSSION

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may [also] be sufficient to show that a [prisoner's] prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. Here, a review of Plaintiff's district court dockets confirms he is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions or appeals dismissed for a "qualifying reason" under § 1915(g). *Hoffman v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019).

Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). As such, this Court takes judicial notice of federal docket proceedings available on PACER and finds that Plaintiff has filed over 600 civil actions in multiple federal district courts across the country dating back to 1986.[1]

Some specific examples of "strikes" filed and dismissed while Plaintiff was in custody are:

(1) *Grimes v. Cal. Dept. of Corrections, et al*., Civil Case No. 00cv0668-WBS-JFM (E.D. Cal. May 2, 2000) (ECF No. 9) (adopting Report and Recommendation to dismiss action for "fail[ing] to state a cognizable claim for relief" pursuant to 28 U.S.C. §

---

[1] *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=ae66c80e47444979 8769281006232978 (last visited Oct. 12, 2025).

1915A(b) after court granted IFP and leave to amend complaint);[2]

(2) *Grimes v. Kelly*, Civil Case No. 15cv1955-RBD-GJK (M.D. Fla. Nov. 30, 2015) (ECF No. 3) (denying IFP and dismissing complaint requesting Defendant police officer be subject to random drug and lie detector tests and to be "prosecuted paramilitarily" "for fai[ing] to provide a . . . claim for relief.");

(3) *Grimes v. Williams, et al.*, Civil Case No. 15cv3848-JKB (D. Md. Dec. 23, 2015) (ECF No. 3) (granting IFP and dismissing complaint for failing to state a claim); and

(4) *Grimes v. Tate, et al.*, Civil Case No. 15cv3849-JKB (D. Md. Dec. 23, 2015) (ECF No. 3) (granting IFP and dismissing complaint for failing to state a claim).

Plaintiff has therefore been denied leave to proceed IFP while incarcerated pursuant to 28 U.S.C. § 1915(g) numerous times. *See, e.g.*, *Grimes v. Wan, et al.,* No. 07cv1726-CW (PR), 2007 WL 1988530, at *1 (N.D. Cal. July 3, 2007) ("On May 18, 2000, this Court informed Plaintiff that while he is a prisoner, he generally is ineligible to proceed [IFP] in federal court under the 'three-strikes' provisions of 28 U.S.C. § 1915(g)"); *Grimes v. Enter. Rent-a-Car Co. of Los Angeles, LLC*, No. 22cv0657-RSH-KSC, 2022 WL 3109570, at *3 (S.D. Cal. Aug. 4, 2022) (denying IFP pursuant to § 1915(g), dismissing the case, and noting Plaintiff had previously filed more than 600 civil actions in federal courts). Thus, this Court finds that while incarcerated Plaintiff has had far more than three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

As noted above, once Plaintiff accumulated three or more strikes, § 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1055. Here, while the allegations in Plaintiff's Complaint are difficult to discern, Plaintiff appears to raise

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

claims regarding the hygiene at a Pasadena motel he visited at some time in the past. (*See* Compl. at 1–11.)  But Plaintiff alleges no facts in his Complaint suggesting he faced imminent danger of serious physical injury at the time of filing.

For these reasons, the Court finds Plaintiff is not entitled to proceed IFP in this case. *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.")  "A negative consequence that may impact a prisoner who files [] frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris*, 863 F.3d at 1139.

## CONCLUSION

Accordingly, the Court: (1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g), (2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a), (3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and (4) **DIRECTS** the Clerk of the Court to close the case.

**IT IS SO ORDERED**.

Dated:  October 20, 2025

_____
Honorable Todd W. Robinson
United States District Judge